## Case No. 6,710.

HORTON v. SQUANKUM & FREEHOLD MARL CO.

[8 Am. Law Reg. (N. S.) 179.]

Circuit Court, D. New Jersey. Nov. Term, 1868.

TAKING PRIVATE PROPERTY—WHAT IS PUBLIC USE—APPEAL.

[The legislature only can determine when and in what cases private property shall be taken for public use, and there is no appeal therefrom. The legislature must first determine what is such a public use, which determination is not final.]

This was a bill to enjoin the defendants from taking the plaintiff's land on the ground that the railroad which the charter authorized the company to build was a mere private road, and that private property could not be taken without the owner's

consent except for public use. The constitution of New Jersey provides that private property shall not be taken for public use without just compensation. The act of incorporation of defendants is entitled "An act to incorporate the Squankum and Freehold Marl Company." It authorizes the company to purchase, hold, and convey such marl-beds as they may deem proper, in the county of Monmouth, and to open and work the same, and to transport the marl, and to vend the same, and to build and use the railroad thereafter mentioned, and to lay and maintain drains through the adjacent lands for the benefit of their said marl beds. It further authorizes them to construct a railroad in the county of Monmouth, to run from some convenient point on the line of the Freehold and Jamesburg Agricultural Railroad at or near the village of Freehold, to the said marl beds, at or near the village of Farmingdale, with such branches as may be deemed proper, not exceeding three miles in length, and to run engines and cars on said railroad for the transportation of their said marl. And it then authorizes them to enter upon, take possession of, occupy and excavate, any lands that may be necessary for the construction of their said railroad, and, if they cannot agree with the owners thereof, that application may be made to a judge of the circuit court, for the appointment of commissioners to view and examine the said lands, and to make a just and equitable appraisement of the value of the same. It was claimed by plaintiff that this road so authorized was merely for transportation of the company's marl, and was therefore a private road. It appeared, however, that by another act of the same session of the legislature, the Freehold and Jamesburg Railroad, with which the new road was to connect, were authorized to run their cars over the latter for the transportation of passengers and general freight.

FIELD, District Judge, delivered the opinion, holding that: "When and in what cases private property shall be taken for public use, is a question for the legislature alone to determine. From their decision there can be no appeal. What is such a public use as will justify the taking of private property, is also a question, which the legislature must in the first instance determine. But upon this point their determination, although entitled to respectful consideration, is not final and conclusive;" citing Tidewater Co. v. Coster, 3 C. E. Green [18 N. J. Eq.] 518. See abstract of this case, 7 Am. Law Reg. (N. S.) 760, 761. Upon the latter point, he was of opinion that the facts showed such a public use as would support the act. The acts relating to the connection between the proposed road and the Freehold and Jamesburg road, he thought might be construed as supplementary to each

other, whether so entitled or not, and the bill and answer showed that the two companies had so accepted them, and the acts and the contracts under them brought the new road into the class of railroads which were undoubtedly a public use for which land might be taken. Even if the act in question had stood alone, the use which it contemplated was so general and public in its nature, he doubted whether he would have felt authorized to declare the act invalid; citing as an analogous case Scudder v. Trenton Delaware Falls Co., 1 Saxt. [1 N. J. Eq.] 694.